UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMIE LEE BAKER,<br>Inmate #T-30691,<br><br>         Plaintiff,<br><br>v.<br><br>ROGER ITO, Judge; S. HARDEN, Account Officer Specialist; B. SULLIVAN, Appeal Examiner; SECRETARY OF CDCR,<br><br>         Defendants. | Case No.: 19-cv-1156-GPC-RBM<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; AND (2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM AND FOR SEEKING MONETARY RELIEF AGAINST IMMUNE DEFENDANT** |

  Tommie Lee Baker III. ("Plaintiff"), a California state prisoner incarcerated at the Richard J. Donovan Correctional Facility ("RJD"), and proceeding pro se, has filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a), but has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 2.)

## I. Plaintiff's Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States must pay a filing fee. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a prisoner, even if he is granted leave to proceed IFP, he remains obligated to pay the full entire fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), prisoners seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the . . . six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20 percent of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20 percent of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

In support of his IFP Motion, Plaintiff has submitted a prison certificate attesting to his trust account balance and activity for the six-month period prior to the filing of his Complaint as required by 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. This certificate shows that Plaintiff had only $0.15 in funds to his credit at the time of filing.

---

[1] In addition to the $350 statutory fee for this action, civil litigants must pay an additional administrative fee of $50. See 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014)). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. Id.

[ECF No. 3 at 1.]  Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1).  *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.")  However, the entire $350 balance of the filing fee due for this case must be forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.    Initial Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A.    Standard of Review

"The Court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing," complaints filed by all persons proceeding IFP, and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program."  *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  The Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires

3

19-cv-1156-GPC-RBM

the reviewing court to draw on its judicial experience and common sense." Id. at 679. The "mere possibility of misconduct" falls short of meeting the Iqbal plausibility standard. *Id.*; *see also Moss v. U. S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("Under § 1983, when determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). However, while the court has an "obligation . . . where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc), it may not, in so doing, "supply essential elements of the claim that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

/ / /

/ / /

**B. Plaintiff's Allegations**

Plaintiff alleges that he is a "hearing impaired inmate that was at the EOP level of care." (Compl. at 3.) In 2001, Plaintiff claims he was "forced to contract and sign a CDC 345 form." (*Id.*) However, in June of 2018 he was "going over the 345 form" and "noticed it was [his] choice to withdraw [his] power of attorney" and "close [his] trust account at any time." (*Id.*) Plaintiff alleges that he filed a grievance to "revoke the Director of Corrections and Rehabilitation as [his] power of attorney and to close [his] trust account." (*Id.*) However, Plaintiff's request was denied by B. Sullivan at the "third level appeal decision." (*Id.*)

On January 15, 2019, Plaintiff claims he was "denied an interpreter service during the open/public court proceeding" by "Judge Roger Ito." (*Id.* at 4.) Plaintiff alleges he "could not hear the court or participate in the program because of [his] hearing disability." (*Id.*) Plaintiff further claims Defendant Ito was "well aware" of his disability but he "refused to accommodate" his disability during Plaintiff's "resentence hearing." (*Id.*) Plaintiff "talked to [his] appeal counsel" who informed him that they would "not file [his] ADA issue on appeal because it would get Ito into trouble." (*Id.*)

On October 16, 2007, Plaintiff was ordered "to pay a direct order of $29,238.60 plus 10 percent interest" in one of his criminal proceedings. (*Id.* at 5.) In July of 2018, Plaintiff "was awarded $1000.00 for a settlement" in a civil matter. (*Id.*) Plaintiff alleges that the CDCR "took all the settlement money for the direct order and administrative fees." (*Id.*) Plaintiff spoke with "S. Harden, the account officer specialist" and informed her that he had "appropriate documentation from the court" proving that the "direct order has been voided by the presiding court and she refused to honor it." (*Id.*)

Plaintiff claims he then spoke with "CCI Masterson" who contacted the "Correctional Case Records Analyst ("CCRA") who confirmed that they (CDCR records) in fact have a certified copy of the minute order" but they would "not honor it." (*Id.*) Plaintiff claims Harding has "violated the Fifth Amendment ban on taking of property ($1000.00) for public use without just compensation and due process." (*Id.*)

Plaintiff seeks an injunction preventing Defendant Ito "from committing treason against the United States and its Constitution." (*Id.* at 7.) Plaintiff also seeks $401,000 in general damages, $210,000 in punitive damages, and $240,000 in compensatory damages." (*Id.*)

**C.     Analysis**

        1.     Due Process claims

A state inmate has a property interest protected by federal due process in the funds in his prison trust account. *Quick v. Jones*, 754 F.2d 1521, 1523 (9th Cir. 1985). However, a deduction from an inmate trust account to satisfy a restitution order does not state a substantive or procedural due process claim if the deduction is authorized by state law. *See Turner v. Safley*, 482 U.S. 78, 89 (1987) ("[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests.") The Ninth Circuit has held that "California Penal Code § 2085.5, requiring the California Director of Corrections to make deductions from the wages and trust account deposits of prisoners for payment of restitution obligations, is rationally related to legitimate state interests in compensating crime victims." *Craft v. Ahuja*, 475 Fed.Appx. 649, 650 (9th Cir. 2012), citing *Turner*, 482 U.S. at 89; *see also Abney v. Alameida*, 334 F.Supp.2d 1221, 1231-32 (S.D. Cal. 2004) (allegations of deductions from a prisoner's trust account to satisfy a restitution order, whether authorized or unauthorized by state law, fail to state a claim for a violation of substantive or procedural due process). Accordingly, to the extent the removal of funds from his prison trust account to satisfy a restitution order was authorized by California law, Plaintiff has not stated a substantive or procedural due process claim upon which relief can be granted.

To the extent Plaintiff contends the deductions were not authorized by state law because the restitution order had been voided or the deductions were inaccurate, he has also failed to state a due process claim. He alleges that he informed Defendants that the restitution order to which his settlement funds were being applied was "vacated and

nullified." (Compl. at 5.) Where a prisoner alleges he was deprived of a property interest caused by the unauthorized acts of state officials, either negligent or intentional, he cannot state a constitutional claim where the state provides an adequate post-deprivation remedy. *See Zinermon v. Burch*, 494 U.S. 113, 129-32 (1990); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (holding that the unauthorized negligent or intentional deprivation of property does not violate due process if a meaningful post-deprivation remedy is available). The California Tort Claims Act ("CTCA") provides an adequate post-deprivation state remedy for the random and unauthorized taking of property. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) ("California law provides an adequate post-deprivation remedy for any property deprivations.") Thus, to the extent Plaintiff challenges the unauthorized or negligent taking of his money in contravention of a statute or regulation authorizing it, the CTCA provides him with an adequate state post-deprivation remedy, and his substantive and procedural due process claims challenging the confiscation of and failure to return money taken from his inmate trust account are not cognizable in a § 1983 action.

In addition, it appears that Plaintiff is seeking to hold Defendant Sullivan liable for alleged due process violations based on how he responded to Plaintiff's administrative grievances. (*See* Compl. at 3.) A prison official's allegedly improper processing of an inmate's grievances or appeals, without more, cannot serve as a basis for section 1983 liability. *See generally Ramirez*, 334 F.3d at 860 (prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure.") (citation omitted); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (due process not violated simply because defendant fails properly to process grievances submitted for consideration); *see also Todd v. California Department of Corrections and Rehabilitation*, 615 Fed. Appx. 415, 415 (9th Cir. 2015) (district court properly dismissed claim based on improper "processing and handling of […] prison grievances," since prisoners have no "constitutional entitlement to a specific prison grievance procedure") (citing *Ramirez*, 334 F.3d at 860) (quotation marks omitted); *Shallowhorn v. Molina*, 572 Fed. Appx. 545,

547 (9th Cir. 2014) (district court properly dismissed section 1983 claims against defendants who "were only involved in the appeals process") (citing *Ramirez*, 334 F.3d at 860); *Daniels v. Aguilera*, No. 2:16-CV-00996-JAM-CKD P, 2018 WL 558658, at *1 (E.D. Cal. Jan. 24, 2018), *report and recommendation adopted sub nom. Daniels v. Aguillera*, No. 2:16-CV-00996-JAM-CKD P, 2018 WL 1763311 (E.D. Cal. Apr. 12, 2018) ("Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process prison grievances.").

For these reasons, Plaintiff's conclusory allegations are simply insufficient to state a plausible due process claim upon which § 1983 relief may be granted. *See Iqbal*, 556 U.S. at 680-84 (citations omitted).

### 2. Judicial Immunity

Plaintiff also seeks damages against Los Angeles Superior Court Judge Roger Ito for denying him "an interpretive service" during his criminal proceedings. (Compl. at 4.) Regardless of the constitutional or statutory basis upon which Plaintiff may intend to challenge Judge Ito's rulings, his Complaint must be dismissed insofar as he seeks monetary damages from the Judge, who is absolutely immune. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); *Chavez v. Robinson*, 817 F.3d 1162, 1167-68 (9th Cir. 2016) (noting § 1915(e)(2)(B)(iii) requires the court to dismiss an action "at any time" if it "seeks monetary relief from a defendant who is immune from such relief.").

Judges are absolutely immune from damage liability for acts which are judicial in nature. *Forrester v. White*, 484 U.S. 219, 227-229 (1988); *see also Stump v. Sparkman*, 435 U.S. 349, 355-57 (1978); *Pierson v. Ray*, 386 U.S. 547, 553-55 (1967). Judicial immunity applies to actions brought under 42 U.S.C. § 1983 for acts committed within the scope of judicial duties, "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump*, 435 U.S. at 356. "[A] judge will not be deprived of immunity because the action [s]he took was in error, was done maliciously, or was in excess of his authority; rather, [s]he will be subject to

8

liability only when [s]he has acted in the clear absence of all jurisdiction." *Id.* at 356-37; *see also Forrester*, 484 U.S. at 227 (a judicial act "does not become less judicial by virtue of an allegation of malice or corruption of motive"); *Mireless v. Waco*, 502 U.S. 9, 12 (1991).

Here, Plaintiff claims Judge Ito violated his rights during his resentencing hearing by failing to accommodate his hearing disability. (*See* Compl. at 4.) Criminal proceedings are clearly matters over which a trial judge has subject matter jurisdiction. *See Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) (judges are immune from damage actions for judicial acts taken within the jurisdiction of their courts). Therefore, Plaintiff's claims for money damages against Judge Ito must be dismissed sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and § 1915A(b)(2) based on his absolute immunity. *See Pattillo v. White*, 890 F.2d 420 at *1 (9th Cir. 1989) (unpub.) (affirming dismissal of § 1983 claims against judge for decisions made during bail proceedings on grounds of absolute judicial immunity); *Chavez*, 817 F.3d at 1167-68 ("Once a court has sufficient information to make a determination on immunity, [§ 1915(e)(2)(B)(iii)] mandates dismissal.").

### 3. Respondeat Superior

Plaintiff names the "Secretary of CDCR" as a Defendant. (Compl. at 1, 2.) However, Plaintiff fails to state a plausible claim for relief under § 1983 because he fails to include "further factual enhancement" which describes how or when this Defendant was actually aware of a serious risk of harm to Plaintiff. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557).

There is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). "Because vicarious liability is inapplicable to ... § 1983 suits, [Plaintiff] must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 at 676; *see also Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at

9

19-cv-1156-GPC-RBM

least me degree of particularity overt acts which defendants engaged in" in order to state a claim).

As currently pleaded, Plaintiff's Complaint offers no factual detail from which the Court might reasonably infer a plausible claim for relief based on a violation of any constitutional right on the part of the Secretary of the CDCR. Fed. R. Civ. P. 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 662 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 570). And a supervisory official may only be held liable under § 1983 if Plaintiff alleges his "personal involvement in the constitutional deprivation, or … a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Keates v. Koile*, 883 F.3d 1228, 1242-43 (9th Cir. 2018); *Starr v. Baca,* 652 F.3d 1202, 1207 (9th Cir. 2011).

Plaintiff makes no such allegations in his Complaint. Therefore, the Court sua sponte dismisses Defendant Secretary of the CDCR based on Plaintiff's failure to state a plausible individual liability claim against him. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1); *Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

### D. Leave to Amend

Because he is proceeding pro se, however, the Court having now provided him with "notice of the deficiencies in his complaint," will also grant Plaintiff an opportunity to amend. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). However, the claims against Defendant Ito are DISMISSED without leave to amend.

### III. Conclusion and Order

Good cause appearing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding them to the Clerk of the Court each time the amount in his account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DISMISSES** Plaintiff's Complaint (ECF No. 1) for failing to state a claim upon which § 1983 relief can be granted and for seeking monetary relief against an immune defendant pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

5. **GRANTS** Plaintiff thirty (30) days leave from the date of this Order in which to file an Amended Complaint that cures the deficiencies of pleading described above. Plaintiff's Amended Complaint must be complete by itself without reference to his original complaint. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

6. The Clerk of Court is directed to mail Plaintiff a civil rights form complaint for his use in amending.

**IT IS SO ORDERED**.

Dated: July 15, 2019

Hon. Gonzalo P. Curiel
United States District Judge